## TARLETON v. SERNA.

(Court of Civil Appeals of Texas. April 5, 1911.)

APPEAL AND ERROR (§ 842*)—REVIEW—QUESTION FOR JURY.

Where an attorney, through an assignment by his client, claimed to own one-fourth of the judgment recovered, and the evidence did not clearly show whether the assignment vested the attorney with the absolute ownership of one-fourth when the contract was made, or whether it was in futuro, depending upon his performance of the agreement, a question of fact for the jury was raised; their determination being final.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316–3330; Dec. Dig. § 842.*]

Appeal from Bexar County Court; P. H. Shook, Judge.

Action by Leo Tarleton against A. I. Serna. From a judgment for defendant, plaintiff appeals. Affirmed.

C. L. Bass, for appellant. T. J. Newton and E. H. Powell, for appellee.

NEILL, J. This suit was brought by Tarleton against Serna to establish plaintiff's ownership to the extent of a one-fourth interest in a certain judgment recovered by the defendant against the city of San Antonio for the sum of $1,168. The plaintiff, after alleging that he is, and was on August 1, 1905, an attorney at law, and that he was then consulted by defendant upon the claim upon which said judgment was rendered, as to whether it would support an action against the city, and, having advised him that it would, averred in his petition that on August 5, 1905, he and Serna entered into a contract to the effect that plaintiff, as an attorney at law, should, in the name of defendant, institute suit against the city of San Antonio on said claim for the sum of

$1,480.82, and that, for and in consideration of legal services then rendered and to be performed in the prosecution of said claim to final judgment in and through all the courts it might be necessary to pursue the same, it was agreed and understood that defendant would, and did then, orally assign, transfer, and set over to plaintiff one-fourth interest in said claim, and to any amount of money that should be recovered from such litigation; it being also agreed and understood that, whenever any amount should be collected by plaintiff on the claim, he should appropriate one-fourth thereof to his own use. The petition then alleges the institution and prosecution of the suit by plaintiff on the claim to judgment in favor of defendant against the city for the sum of $1,168.68, and that such judgment became final on March 6, 1906. The defendant answered by a general denial. The case was tried before a jury, and resulted in a verdict and judgment in favor of defendant.

The only assignment of error is: "The court erred in refusing to peremptorily instruct the jury, as asked in writing by plaintiff, to find for plaintiff, because there was neither pleading nor proof of any character of a defense to plaintiff's cause of action, and no questions of fact setting up a defense to be found by a jury." Under this assignment these two propositions are asserted: (1) "All the evidence adduced proves without contradiction that appellee, Serna, on or about August 5, 1905, orally assigned to appellant, Leo Tarleton, a one-fourth interest in the claim and demand said Serna then held against the city of San Antonio." (2) "The only issue raised by the pleadings was whether or not appellant was employed as alleged by appellee for services rendered and to be rendered to appellee, and whether or not in consideration thereof appellee assigned to appellant a one-fourth interest in the subject-matter of the litigation; and all the evidence going to support the affirmative, and none the negative of appellant's pleadings, the requested charge No. 1 of appellant should have been given."

We cannot concur with plaintiff in either proposition. The evidence leaves it doubtful as to whether the alleged assignment was in præsenti, such as to effect and vest in plaintiff the absolute and unconditional ownership of one-fourth of the claim upon which the judgment was recovered against the city eo instante the contract was made, or was in futuro, dependent as a condition precedent on the plaintiff's performing his part of the agreement. This, under the state of the evidence, was a question for the jury to determine; and, having decided it in favor of the defendant, we are without authority to disturb the verdict.

The judgment is affirmed.